UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADRIAN BOYD, | § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. H-06-3218 |
| VETERANS ADMINISTRATION, *et al.* | § § | |
| *Defendants*. | § § | |

## ORDER

Before the court is defendant's[1] motion to dismiss for lack of subject-matter jurisdiction under FED. R. CIV. P. 12(b)(1). Dkt. 3. The court must consider the plaintiff's claims in light of the underlying statutory law governing tort-based suits against the government and determine if proper subject-matter jurisdiction exists in this case.[2] After considering the motion, the plaintiff's response, and the applicable law, the United States's motion will be GRANTED.

## STANDARD OF REVIEW

In ruling on a motion to dismiss for lack of subject-matter jurisdiction, the burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). When a motion to dismiss is based on subject-matter jurisdiction, the court may weigh the evidence and resolve factual disputes. *Montez v. Dep't of the*

---

[1] The U.S. Department of Veterans Affairs is an agency of the United States of America, the proper party defendant in this case.

[2] The court notes that the plaintiff's attorney is not admitted to practice before the Southern District of Texas. A lawyer who seeks admission to practice before this court may do so after moving the court for leave to appear as attorney-in-charge for the client under Local Rule 83.1(K). Although not dispositive in this case, the court will require compliance with this rule in any future motions.

*Navy*, 392 F.3d 147, 149 (5th Cir. 2004). In considering the facts, the "court may base its disposition . . . on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id*. However, conclusory statements in a complaint do not establish jurisdiction. *Gaar v. Quirk*, 86 F.3d 451, 453 (5th Cir. 1996).

### APPLICABLE LAW AND FINDINGS

The plaintiff has filed suit against the United States alleging tort-based injuries under the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. §§ 2671 *et seq.* (2000). In order to bring suit against the government, Congress must grant a waiver of sovereign immunity. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA provides a waiver of sovereign immunity for certain tortious acts of the government or a governmental employee "while acting within the scope of his office or employment." 28 U.S.C. § 2671. However, Congress may limit the waiver of sovereign immunity or impose conditions, such as a statute of limitations. *South Coast Corp. v. Comm'r*, 180 F.2d 878, 884 (5th Cir. 1950). The statute of limitations "represents a condition on the waiver of federal sovereign immunity, [] is a jurisdictional prerequisite to suit, and is to be construed narrowly in favor of the government." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 769 (4th Cir. 1991); *see also Calhoun County, Tex. v. United States*, 132 F.3d 1100, 1105 (5th Cir. 1998). As a jurisdictional element, the statute of limitations may be considered when ruling on a motion to dismiss under FED. R. CIV. P. 12(b)(1).

The statute of limitations for the FTCA is contained by reference in 28 U.S.C. § 2401(b). The statute reads:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by

>certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

This statute has been interpreted to require that a tort claim must be presented to the appropriate federal agency within two years *and* that suit be commenced within six months of receiving a denial; otherwise the claim is "forever barred." *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001); *see also Phillips v. United States*, 260 F.3d 1316, 1317 (11th Cir. 2001). The burden is on the plaintiff, not the government, to plead and prove compliance with the requirements of 29 U.S.C. § 2401(b). *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999); *see also Gaar*, 86 F.3d at 453 ("Parties who seek to invoke the jurisdiction of the federal courts have the duty to establish jurisdiction by affirmatively alleging the facts conferring jurisdiction in their complaints."). The pleading requirements include the need to demonstrate compliance with the filing requirements of a written complaint with the appropriate agency. *Johnson*, 189 F.3d at 189; *In re Agent Orange Litig.*, 818 F.2d 210, 214 (2d Cir. 1987).

The plaintiff's complaint includes multiple allegations of negligence and intentional infliction of emotional distress, all of which are tort-based theories. Dkt. 1 at 6-7. In support of these allegations, the plaintiff states that the actions giving rise to the complaint initially occurred in 1980. Dkt. 1 at 2-3. The only other date given in the complaint references the inception of plaintiff's social security benefits in 2004. *Id*. at 5. Plaintiff's response to defendant's motion to dismiss is similarly devoid of dates. The only additional fact in the response involved the plaintiff's claimed surgery in 2001 to correct the problems in plaintiff's shoulder. Dkt. 8 at 2. In addition to a lack of dates, the complaint fails to plead compliance with the requirement of filing a written complaint with the appropriate administrative agency. The statute also requires that a written response be received notifying the plaintiff of the agency's decision. Compliance with both the notice requirement and

3

the statute of limitations is necessary to satisfy the plaintiff's burden to demonstrate compliance with the jurisdictional prerequisites under the FTCA. The failure to plead facts sufficient to place the claims within the applicable statutory prerequisites forever bars the plaintiff's claims under 28 U.S.C. § 2401(b). As a result, the court lacks subject-matter jurisdiction to hear this case.

The plaintiff's argument that the statute of limitations should be equitably tolled is unavailing. *See* Dkt. 8 at 5. The authority cited by plaintiff does not allow for equitable tolling of the statute of limitations unless the government has actively concealed information, but the plaintiff has not shown active concealment by the government and concedes that it may not be true. *See Zeleznik v. United States*, 770 F.2d 20, 23 (3d Cir. 1985); Dkt. 8 at 5. The plaintiff complains that he was unable to prove the validity of his complaint to Veterans Affairs without the appropriate medical and personnel records. Dkt. 8 at 5. The *Zeleznik* court stated that "the accrual date is not postponed until the injured party knows every fact necessary to bring his action." *Zeleznik*, 770 F.2d at 23. Therefore, the plaintiff should have brought the suit within the time period established under the FTCA, even without having access to his medical or personnel records. Failure to do so results in the claims being barred.

Due to the court's determination that the plaintiff's claims are barred by the statute of limitations, the court need not address the defendant's other grounds for dismissal.[3] Because the court lacks subject-matter jurisdiction under FED. R. CIV. P. 12(b)(1), defendant's motion to dismiss is GRANTED, and this case is DISMISSED WITH PREJUDICE.

It is so ORDERED.

---

[3] Alternative grounds for dismissal include: application of the *Feres* doctrine to the plaintiff's claims arising out of or incidental to service in the Marines, improperly naming the Veterans Administration as the defendant, and improperly filing suit in federal district court as opposed to appealing an adverse decision of the Department of Veterans Affairs to the Board of Veterans' Appeals.

Signed at Houston, Texas on March 28, 2007.

_____
Gray H. Miller
United States District Judge